UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Deidra D. Jenkins
8104 Johnsam Road
Clinton, MD 20735
(301) 877-6988

V.

Case: 1:07-cv-01012
Assigned To : Walton, Reggie B.
Assign. Date : 06/05/2007
Description: EMPLOY DISCRIM.

Alphonso R. Jackson, Secretary, U.S. Department of
  Housing and Urban Development
Keith Gottfried
George Weidenfeller
Nancy Christopher
Holly Salamido
Patricia Baker
Sinthea Kelly
Zakiyyah Day
Lewis Anderson
451 7th Street, SW
Washington, DC 20410

## COMPLAINT

I, Deidra Jenkins, an African-American female am hereby filing this Formal Civil Complaint based on race discrimination, equal pay and illegal personnel practices by the Office of General Counsel and Human Resources during my desk audit process.

On July 25, 2005, I requested a desk audit by memorandum to my supervisor, Ms. Holly Salamido (a white female) with a copy forwarded to Human Resources. Although I was a GS-11, FOIA Specialist, I believed that I was performing the work at the GS-12 level and should have been classified at the GS-12 level by accretion of duty. My supervisor disagreed; therefore I decided to have my desk audited.

Ms. Marlene Th___ne classifier, conducted an audit of my desk on August 12, 2005. On August 19, 2005, the supervisory audit with my supervisor, Ms. Holly Salamido, was done before my desk was audited and after my desk was audited to discuss the information that was provided by me to the classifier. On September 19, 2005 after the desk audit, supervisory audit and interview the classifier completed her analysis of all information provided. I received an e-mail from the classifier to pick-up my copy of the desk audit results. By memorandum dated September 14, 2005 the results of the desk audit stated that my position met the criteria for the GS-12 grade-level based on the information provided by both my supervisor and myself. It also stated that the position description would have to be rewritten to reflect the higher graded work I was performing.

Also in the September 14, 2005 decision I was informed that since there were other employees at the same grade and series within my office, in order to possibly be promoted the job would have to be competitively merit staffed giving the other GS-11 FOIA Specialists an opportunity to apply. First, there was no vacancy to merit staff and this procedure was never used before when with other employees in the office. I also thought it would be a misuse as a means of promoting employees instead of filling a vacancy.

Finally, I am stating that I was discriminated against by the agency through my supervisor, Ms. Holly Salamido and Human Resources, Ms. Zayyikah Day. My complaint **is not about a promotion** but because management failed **to follow the proper procedures /process for a desk audit and because I was treated differently from my co-worker who was promoted without having her desk audit or a job vacancy announced. I believe I was discriminated against when:**

1. In June 1999, management promoted my co-worker, Ms. Joan Campion (a white-female) while she was out on sick leave based on accretion of duties.

   (a) without having her desk audited;

   (b) without having to apply for a job that was merit staffed, and

   (c) without ever performing the duties of the job at the higher grade level

2. Ms. Campion only returned to full-time status on September 2004. As of this date Ms. Campion is still not a consistent full-time employee.

3. I was discriminated against when I was informed by management even though I was performing at the higher-grade level that the job would have to be merit staffed so other employees could apply.

4. I was discriminated against when management withdrew the initial desk audit decision stating that the classifier failed to go back to my supervisor. This was not true, Ms. Salamido stated she failed to review all of the materials.

5. I was discriminated against when Human Resources allowed Ms. Salamido to rewrite another position description to justify her "so called" additional information and her statement as to why my desk should not be classified at the higher graded level.

6. I was discriminated against when management allowed my supervisor to rewrite another position description to justify her "so called" additional information and to deny me the desk audit results provided by the classifier.

7. I was discriminated against when I found out from Human Resources that the position description that was used by the classifier and the position description that was given to me by my supervisor and the Administrative Officer, Ms. Sinthea Kelly is the same position description of record that I am assigned to as of this dated.

8. I was discriminated against when a personnel procedure that has always been followed and had never been changed (maybe undated) was not followed in my case. The procedures changed to discriminate against me.

9. I was discriminated against when I was not allowed **due process** to rebut the "so called" additional information (new unclassified PD, newly generated memoranda, etc.) my supervisor provided to Human Resources. Instead Human Resources failed to follow proper procedures and accepted the "so called additional information" from my supervisor and **arbitrarily changed their original desk audit decision.**

10. I was discriminated against when management promoted my co-worker Ms. Campion and failed to follow any process (desk audit, merit staffing) and lied about Ms. Campion being promoted based on accretion of duty when all the time she was out on sick leave. There was no way she was performing at her GS –11 grade level and definitely not at the higher GS- 12 level when she was out on sick leave. WHAT PROCESS WAS USED?

11. I was discriminated when my supervisor wrote a new position description that had not been classified, never given to the employees nor was it the position description used by the classifier to audit my desk.

12. Finally, I was discriminated against because management failed to follow proper procedures in conducting a desk audit, not allowing me due process or the same due process that was given to my supervisor to change a classifier's decision and nor was I treated in the same manner as my co-work, Ms. Campion.

This was an illegal and discriminatory personnel practice used to discriminate against me **MANAGEMENT FAILED TO FOLLOW THE POLICIES/PROCEDURES FOR MY DESK TO BE AUDITED. MANAGEMENT ALLOWED MY SUPERVISOR TO REWRITE MY POSITION DESCRIPTION, THEN USED IT FOR HER JUSTIFICATION TO DISPUTE THE CLASSIFIER FINDINGS.** The Position Description was not the Position Description that was

used by the Classifier at my desk, it was not the Position Description that I asked for from my supervisor and it was not the Position Description that was provided by the Administrative Officer. This was blatant discrimination WHEN MANAGEMENT FAILED TO FOLLOW POLICIES AND PROCEDURES AND ALLOW ME DUE PROCESS!!

The relief I am seeking are as follows:

1. The initial results of the desk audit are reinstated and honored.

2. Those managers involved be reprimanded for their actions, which include Holly Salamido, Sinthea Kelly and Zakiyyah Day.

2. Promotion to GS-301-12 with applicable within grade step.

3. All GS-301-12 back pay with interest accrued from September 2004 to Present.

4. A definite transfer regardless of the outcome of this case to another HUD office other than the Office of General Counsel and the Office of Executive Secretariat/FOIA Office.

5. Any associated legal fees.

6. Compensatory damages in the amount of $300,000.000.

7. Request trial by jury.

Signature of Plaintiff:

*Deidra Jenkins*

Deidra D. Jenkins
New address:
8104 Johnsam Road
Clinton, MD 20735

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, DC 20410-0001

MAR - 1 2007

Office of Departmental
Equal Employment Opportunity

**SIGNATURE CONFIRMATION NUMBER: 2305 1590 0001 5417 2111**

Ms. Deidra Jenkins
1743 Countrywood Court
Cheverly, MD 20785-4010

SUBJECT:   Final Decision – <u>Deidra Jenkins v. Alphonso R. Jackson</u>, Secretary,
U.S. Department of Housing and Urban Development,
Case Number EEO 06 031 A1

Dear Ms. Jenkins:

After careful review and analysis of your Equal Employment Opportunity (EEO) complaint, the EEO Counselor's Report, the Report of Investigation, and following consultation with the Office of General Counsel, the U.S. Department of Housing and Urban Development is taking final action by issuing this Final Decision on your EEO complaint. This Decision finds that you were not subjected to unlawful employment discrimination.

### Statement of Claims

1. You claim that you were discriminated against because of your race (African American), sex (female), and in reprisal for participating in a protected activity, by the Director of the Administration Management and Human Resources Division and the Assistant General Counsel of the Freedom of Information Act (FOIA) Division, when on December 28, 2005, you learned that you were denied equal pay when the results of an initial desk audit, which stated your position met the criteria for a GS-12 grade, were reversed and you were not promoted.

2. You claim that you were discriminated against on the basis of reprisal for prior EEO activity when on June 28, 2006, you were denied the opportunity to attend the Blacks in Government (BIG) Conference.

### Procedural History

You initiated EEO counseling on January 13, 2006, and the initial interview with the EEO Counselor was conducted on January 25, 2006. Attempts to resolve this matter during the pre-complaint process were unsuccessful because you failed to provide information, i.e., claim, date of incident, identification of management official, remedy request, etc to sufficiently conduct an inquiry or to otherwise process your informal complaint. You also failed to waive your right to anonymity; therefore, you were issued the Notice of Right to File a Discrimination Complaint on

January 26, 2006, and you received it on January 28, 2006. You subsequently filed a Formal Complaint of Discrimination on February 10, 2006. The Notice of Receipt was mailed to you on February 10, 2006, and the Notice of Acceptance was mailed to you on March 13, 2006. On August 30, 2006, you complaint was amended to include Claim 2. The Report of Investigation and the Notice of Rights were mailed to you on December 4, 2006, and you requested a Final Decision from the Department. Therefore, pursuant to 29 C.F.R. 1614.110(b) the agency is providing this Final Decision.

## Statement of the Facts

### Desk Audit

You did not respond to the investigator's affidavit questions. In a statement to the investigator dated May 4, 2006, you stated, "At this time I feel I cannot honestly answer these affidavit questions provided by you because they are not relevant to what I filed in my official and amended EEO Complaint to HUD's EEO Office. To do so would mean I agree with HUD's interpretation and definition of my case, which I do not." Therefore, the investigator developed your testimony from your Formal Complaint and the EEO Counselor's Report. *(ROI Exhibit A)*

At all times relevant to this complaint, you were employed as a Freedom of Information Act (FOIA) Specialist, GS-11, in the Department's Office of General Counsel, FOIA Division, Washington, DC. Your supervisor was Holly Salamido (Caucasian female, no prior EEO activity), GS-15, Assistant General Counsel, FOIA Division, Office of Litigation. You stated that, on July 25, 2005, you submitted a request for a desk audit to Ms. Salamido and you forwarded a copy to the Office of Human Resources. You stated that you previously asked your supervisor for a promotion to the GS-12 grade level during your progress review and again at the time of your annual performance rating, and she informed you that she could not promote you. *(ROI Exhibit A)*

You stated that Marlene Thrash (Black female, no prior EEO activity), Human Resource Specialist, GS-13, Office of Human Resources conducted the desk audit on August 12, 2005. You stated that, on September 19, 2005, Ms. Thrash completed her analysis of all the information provided for the desk audit and informed you that you could get a copy of the desk audit results. You stated that, in a memorandum dated September 14, 2005, the results of the desk audit indicated that your position met the criteria for the GS-12 grade level, based on the information provided by you and your supervisor. You also stated that, according to the memorandum, your position description would have to be rewritten to reflect the higher graded work you were performing, and since there were other employees at your same grade and series in your office, you could not be promoted unless the job was competitively merit staffed. *(ROI Exhibit A)*

You stated that the desk audit results were based on the work performed by you and one of your coworkers, Marie Perry. You also stated that your Union Representative contacted the Office of Human Resources and informed them that an accretion of duties should be the personnel action taken to promote you and Ms. Perry. You stated it was not fair to promote other employees, whose desks were not audited, because it had not been established that they were

performing at the higher grade level. You stated there was not a vacancy in the office to merit staff and the merit staffing procedure had not been used in the past to promote other employees in the office. You stated it was blatant discrimination and illegal to deny you the promotion. *(ROI Exhibit A)*

You identified coworker Joan Campion (White female,) as a comparator who was promoted without a desk audit or a merit staffing action. *(ROI Exhibit A)*

You stated that you sent several messages to the Office of Human Resources to request the status of any action on the results of your desk audit. You stated that, on October 26, 2005, Lewis Anderson (Black male, no prior EEO activity), Supervisory Human Resources Specialist, GS-14, Office of Human Resources, informed you that Ms. Salamido and Sinthea Kelly (Black female, no prior EEO activity), Administrative Officer, GS-15, Office of General Counsel, had provided additional information and raised questions about your desk audit; therefore, the desk audit had been reopened. *(ROI Exhibit A)*

You stated that the Office of Human Resources "alleged" that Ms. Thrash failed to provide Ms. Salamido with the opportunity to review the material you provided regarding your duties, so the desk audit was reopened. You stated that Ms. Salamido was allowed to review the material and she provided the Office of Human Resources with "so called" additional information. *(ROI Exhibit A)*

Ms. Salamido testified that she became aware of your race and sex when she assumed supervisory responsibilities in the FOIA Division in August 2004, and that she was not aware of your prior EEO activity. She stated that it is her understanding that the normal desk audit procedures were not followed in this case, perhaps because the person conducting the desk audit (Ms. Thrash) was a new employee. Ms. Salamido stated that she first became aware of the desk audit when she was contacted by Ms. Thrash, and asked to fill out a Supervisory Position Review Questionnaire. She testified that it was her understanding that Ms. Thrash would gather the information from you and provide it to her for review. Ms. Salamido stated that Ms. Thrash never made the information you provided available to her for review, and Ms. Thrash did not discuss any discrepancies between the information she provided and the information you submitted. *(ROI Exhibit B)*

Ms. Salamido testified that, after she submitted the completed questionnaire, she received the completed desk audit memorandum, dated September 14, 2005. She stated she did not understand the conclusions in the memorandum, nor did she agree with the factual statements in the memorandum used to support the conclusion. Ms. Salamido testified that she contacted Ms. Kelly to determine the meaning of the memorandum and was informed that, although the memorandum indicated that the Classification Office believed the employee to be performing GS-12 work, the employee could not be non-competitively promoted because there were no GS-12 positions available and other GS-11 FOIA Specialists had to be given the opportunity to compete for any GS-12 position that became available. *(ROI Exhibit B)*

Ms. Salamido testified that she informed Ms. Kelly that she did not agree with some of the factual statements made in the Desk Audit Memorandum. She stated that Ms. Kelly asked

3

her if she had been given the opportunity to review what you submitted to the classification specialist, and she replied that she had not. Ms. Salamido testified that Ms. Kelly informed her that she should have had the opportunity to review the information you provided to the Office of Human Resources. She stated that Ms. Kelly decided to schedule a meeting with Ms. Thrash and Mr. Anderson to discuss the desk audit. *(ROI Exhibit B)*

Ms. Salamido testified that, during the meeting, Ms. Kelly informed Ms. Thrash and Mr. Anderson that your supervisor had not been given an opportunity to review the material you submitted in support of the desk audit and comment on the accuracy of the information. Ms. Salamido stated that she pointed out a number of inaccuracies in the Desk Audit Memorandum, including the facts that you were not performing legal research and the FOIA Office did not handle Privacy Act matters. She stated that, at the time of the meeting, she had still not seen the material that you submitted. Ms. Salamido testified that Ms. Thrash and Mr. Anderson agreed that the material should have been reviewed by the supervisor for accuracy. *(ROI Exhibit B)*

Ms. Salamido stated that, subsequent to the meeting, she was provided with a black binder and a copy of the Department of Justice's FOIA Act Guide, both of which you submitted in support of your request for a desk audit. She testified that she noted several inaccuracies in the material you submitted including, but not limited to: (1) the representation that you performed legal research; (2) the representation that you prepared written material, which had actually been prepared by employees in a program office in another part of HUD; and (3) the representation that you were making policy decisions on the release of documents.

Ms. Salamido testified that you would not have been promoted based on the results of the initial Desk Audit Memorandum, even if the findings in the memorandum remained unchanged, so she does not think the changes in the second Desk Audit Memorandum caused you not to be promoted. She also testified that you did not perform higher level work. *(ROI Exhibit B)*

Ms. Salamido stated that Ms. Campion was at the GS-12 grade level when she (Ms. Salamido) joined the FOIA Division in August 2004. She testified that she had no knowledge of the circumstances of Ms. Campion's promotion to the GS-12 grade level. *(ROI Exhibit B)*

Ms. Kelly testified that you were not denied equal pay when the results of an initial desk audit were reversed and you were not promoted. Ms. Kelly stated that the Office of Human Resources memorandum dated September 14, 2005, indicated that the results of the desk audit did not meet the requirements for non-competitive promotion action, due to the presence of other employees at the same grade and series, who were in the same unit and performing duties substantially the same as those performed by you. *(ROI Exhibit C)*

Ms. Kelly testified that Ms. Campion was promoted without having her desk audited and without having to apply for a job that was merit staffed. She stated that, in June 1999, Ms. Campion, and Sandra Wright (Black female) were promoted based on accretion of duties. Ms. Kelly also stated that she was the Administrative Officer and she processed those requests through the Office of Human Resources. *(ROI Exhibit C)*

Ms. Thrash testified that Ms. Salamido alleged she did not get an opportunity to review the material you submitted for the desk audit and challenged the evaluation prepared by the Office of Human Resources. Ms. Thrash stated that a meeting was held with the Office of the General Counsel and it was decided to give your supervisor an opportunity to respond to the initial desk audit results. Ms. Thrash states on November 30, 2005, Ms. Salamido submitted her challenge to the desk audit results and, as a result of the information she submitted, the position was reevaluated. *(ROI Exhibit D)*

Rebuttal Statement

You failed to provide a rebuttal statement to management's articulated reasons for its actions; therefore, the affidavits provided by Ms. Salamido and Ms. Kelly are uncontested.

Blacks in Government Conference (BIG)

You testified that you were subjected to blatant discrimination and disparate treatment when you were denied the opportunity to attend the 28th Annual BIG Conference. You stated that, on June 28, 2006, you received emails from Ms. Salamido and Patricia Baker (Caucasian female, no prior EEO activity), GS-15, Director, Training Division, informing you that the Office of General Counsel would not pay for any conferences at that time. You stated that, upon further inquiry regarding their statements, it was made clear to you that the Office of General Counsel was not considering the BIG Conference as training. *(Supplemental ROI Exhibit A)*

You testified that the fact that the Office of General Counsel was not considering the BIG Conference as training was blatant discrimination since it had been established and identified as training in past years. You stated that you were not notified of the decision in timely manner; therefore, you were "stripped" of the opportunity to make other arrangements to attend the BIG Conference. You stated you initially asked for approval and funding via an email to Ms. Salamido on January 30, 2006, but you were not informed of the decision until June 28, 2006. You also stated you were discriminated against because you were not afforded the same training opportunities as the attorneys in the Office of General Counsel.
*(Supplemental ROI Exhibit A)*

You stated that you were discriminated against when, even after providing documentation that verified the BIG Conference was in fact training, you were still denied approval and funding to attend. You stated you were discriminated against because you were not given any "valid" reason for not being allowed to attend the BIG Conference other than the "word game management decided to play" by stating it was a conference and not training, although it was clearly stated it was a training conference. *(Supplemental ROI Exhibit A)*

Ms. Salamido testified that Ms. Baker informed her that no Office of General Counsel employees could receive training funds to attend any conferences. She stated that it is her understanding no employee in Office of General Counsel (either in the FOIA Division or elsewhere) was approved to attend the BIG Conference with Office of General Counsel training funds. *(Supplemental ROI Exhibit B)*

5

Ms. Salamido testified that she asked Ms. Baker whether the Office of General Counsel was approving attendance at the BIG Conference, and how many could be approved for attendance. Ms. Salamido states Ms. Baker had no information regarding the attendance at the BIG Conference for the next few months. She states she responded to your request to attend the conference the day after you submitted the request and advised you that she was awaiting guidance on what the policies regarding the BIG Conference would be.
*(Supplemental ROI Exhibit B)*

Ms. Baker testified that you did request to attend the BIG Conference. She also testified that Ms. Salamido informed her that a number of employees in the FOIA Division had requested her approval for attendance at the BIG Conference. Ms. Baker also testified that her supervisor, George Weidenfeller, informed her that the General Counsel decided that no conferences would be approved. *(Supplemental ROI Exhibit C)*

Ms. Baker testified that, in an email dated June 28, 2006, she informed the FOIA Division staff, including you, that it was her understanding at that time that no conferences were being approved. Ms. Baker states, while you emphasized training in your inquiry, the BIG Conference is a conference. She stated that, in a later conversation, Mr. Weidenfeller clarified that HUD work related conferences might be approved. Ms. Baker also stated that many other conference requests were not approved. *(Supplemental ROI Exhibit C)*

Rebuttal Statement

You testified that, since you did not agree with the EEO Division's decision to amend your initial complaint to include Claim 2 rather than processing it as a separate complaint, you did not desire to comment further. You did not rebut management's articulated reason for denying you the opportunity to attend the BIG Conference; therefore, the affidavits provided by Ms. Salamido and Ms. Baker are uncontested.

## Legal Analysis

Dismissal for Failure to Cooperate During the Investigation

The regulation set forth at EEOC Regulation 29 C.F.R. § 1614.107(a)(7) provides that the agency shall dismiss a complaint where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within fifteen days of its receipt or the response does not address the agency's request. This regulation also provides that the agency may elect to adjudicate the complaint if sufficient information is available for that purpose. The standard for dismissing a complaint for failure to cooperate is: (1) where the complainant has engaged in delay or contumacious conduct; and (2) the record is insufficient to permit adjudication. *See* Olibarria v. United States Postal Service, EEOC Appeal No. 01A34148 (November 4, 2003) (*citing* Delgado v. United States Postal Service, EEOC Request No. 05900859 (October 25, 1990)).

The <u>Olibarria</u> case clearly demonstrates that dismissal is appropriate where in the investigation phase of the EEO process, a letter is sent containing a notice that failure to respond within fifteen calendar days of its receipt would result in the dismissal of the complaint for failure to cooperate. The investigator assigned to investigate your complaint stated that you received requests for affidavit and rebuttal but never answered the questions. (*ROI Exhibit A*) One such request indicated that a response was required and that failure to cooperate could result in dismissal. While EEOC cases indicate a 15-day requirement, the number of days permitted is not an issue in the instant complaint because you did not answer the questions in the Affidavit or provide a response to management's articulated legitimate reasons for taking the actions at issue. In fact, you stated in a statement dated May 4, 2006, "At this time I feel I cannot honestly answer these Affidavit Questions provided by you because they are not relevant to what I filed in my official and amended EEO Complaint to HUD's EEO Office. To do so would mean I agree with HUD's interpretation and definition of my case, which I do not." You also stated that "I do not desire to comment further" regarding the rebuttal statement. Accordingly, this decision finds that your complaint should be dismissed pursuant to 29 C.F.R. § 1614.107(a)(7).

<u>Decision on the merits</u>

Even if a procedural dismissal were not proper in your case, your failure to cooperate with the investigation leaves the fact-finder without any evidence to support your claim. Proceeding on the merits, this Decision notes that, where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the <u>McDonnell Douglas v. Green</u>, 411 U.S. 792 (1973), analysis which deals with the ultimate issue of whether you, the complainant, have shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. <u>U.S. Postal Service Board of Governors v. Aikens</u>, 460 U.S. 711, 715-716 (1983). In this regard, the burden of persuasion is always on the complainant, which means that you must convince the fact-finder that discrimination occurred. See <u>O'Dell v. United States Postal Service</u>, EEOC Appeal No. 01981939 (May 23, 2001).

You have indicated, in your recitation of your claims, allegations, and contentions, that you believe you were treated differently than other employees in your office. However, the EEOC has consistently held that subjective belief does not constitute evidence of pretext or provide a basis for remedial relief. See <u>Mroz v. Department of Defense</u>, EEOC Appeal No. 01A33187 (January 23, 2004). Having failed to respond to the EEO Investigator's requests for an affidavit and rebuttal, you clearly fail to meet your burden of proving that management's stated reasons were pretextual for unlawful discrimination.

The record is devoid of any objective proof of your allegations and contentions. You have virtually abandoned your complaint or elected to move forward on the basis of the allegations raised in your formal complaint. On the other hand, management has met and exceeded its burden of proffering its legitimate nondiscriminatory reasons for the actions at issue. In that regard, this decision takes note that the EEOC has repeatedly recognized that an agency generally has broad discretion to set policies and carry out personnel decisions, and should not be second-guessed, absent evidence of unlawful motivation. See <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 259 (1981). Ms. Salamido *(ROI Exhibit B)* and Ms. Kelly *(ROI*

*Exhibit C)* testified that the second desk audit was necessary because there were inaccuracies in your representation of your duties and the material you submitted to support the initial desk audit. The Office of Human Resources corrected the inaccuracies and your position was reevaluated. According to Ms. Salamido, you would not have been promoted based on the results of the initial desk audit; therefore, the issue of the second desk audit is essentially irrelevant. You identified Ms. Campion as a similarly situated employee who was treated more favorably than you were; however, Ms. Salamido was not Ms. Campion's supervisor at the time she was promoted. To be considered similarly situated, the named comparative must report under the same manager's supervision; have performed the same job functions; and have been subjected to the same standards. See O'Neal v. United States Postal Service, EEOC Request No. 05910490 (July 23, 1991); Rease v. Navy, EEOC Appeal No. 03920174 (November 4, 1993) (all relevant aspects of petitioner's employment situation must be nearly identical to the employees named as comparatives).

Ms. Baker *(Supplemental ROI Exhibit C)* testified that the Office of General Counsel did not approve any request to attend the BIG Conference, and you did not identify a similarly situated employee who was approved to attend a conference. Ms. Baker also stated that many other requests to attend various conferences were disapproved.

Again, management's testimony is uncontested because you did not avail yourself of the opportunity to provide a rebuttal statement; therefore, this Decision finds that you have failed to meet your ultimate burden of proving pretext in your claims of discrimination.

### Statement of Conclusion

Your complaint is dismissible under 29 C.F.R. § 1614.107(a)(7) for failure to prosecute your complaint after you failed to respond to requests for information/affidavits during the investigation phase of the EEO process. Alternatively, you have failed to prove by the preponderance of the evidence that management's reasons for taking its actions were pretextual since you have not produced any evidence. Accordingly, this Decision finds that your complaint is procedurally barred and, alternatively, that you were not discriminated against as you alleged.

### Statement of Relief

You have not prevailed on your claim of discrimination; therefore, you are not entitled to any relief.

### Statement of Rights

If you are not satisfied with this Decision, your appeal rights are as follows:

1. You may file an appeal with the Equal Employment Opportunity Commission within thirty (30) calendar days of the date that you receive this Decision. Your appeal should be filed with the U.S. Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 19848, Washington, DC 20036. The 30-day period for filing an appeal begins on the date of receipt of this Decision. An appeal shall be deemed timely if it is delivered in person, transmitted by facsimile or postmarked before the expiration of the filing period, or in the

absence of a legible postmark, the appeal is received by mail within 5 days after the expiration of the filing period. You must serve a copy of the Notice of Appeal/Petition, EEOC Form 573, to the Department (Deputy Director, Office of Departmental Equal Employment Opportunity, Department of Housing and Urban Development, 451 7th Street, SW, Washington, DC 20410) at the same time that you file with the Commission. A copy of the Form 573 has been provided for your convenience. In or attached to the appeal to the Commission, you must certify the date and method by which service was made to the agency. A copy of this Decision must also be attached to the Notice of Appeal Form 573. Failure to file your appeal within the 30-day period could result in the EEOC's dismissal of the appeal, unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In that event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

2. You may file a brief or statement in support of your appeal with the Office of Federal Operations. Your brief or statement must be filed within 30 calendar days from the date that the appeal is filed. You must serve a copy of your brief or statement in support of your appeal to the Department (Deputy Director, Office of Departmental Equal Employment Opportunity, Department of Housing and Urban Development, 451 7th Street, SW, Washington, DC 20410) at the same time that you file with the Commission.

3. You may file a civil action in an appropriate United States District Court within ninety (90) calendar days of your receipt of this Decision. If you choose to file a civil action, that action should be captioned: <u>Deidra Jenkins v. Alphonso R. Jackson</u>, Secretary, U.S. Department of Housing and Urban Development. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

Sincerely,

*[signature]*

Linda Bradford Washington, Deputy Director of
Equal Employment Opportunity

Enclosure:
EEOC Form 573 – Notice of Appeal/Petition

cc:
Robert M. Couch, C
Vivian England, CHP
Joyce Corley, UEE

Consuella Duckett
9808 Huxley Drive
Lanham, MD  20706

JS-44
(Rev 2/05 DC)

# CIVIL COVER SHEET

RBW

**I (a) PLAINTIFFS**

Deidra Jenkins

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Alphonso R. Jackson, Secretary, U.S. Department of Housing and Urban Development, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Deidra Jenkins
8104 Johnsam Road
Clinton, MD 20735
301.877.6988

Case: 1:07-cv-01012
Assigned To : Walton, Reggie B.
Assign. Date : 06/05/2007
Description: EMPLOY DISCRIM.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ⊙ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964 - This complaint is based on race discrimination, reprisal, illegal personnel practices and equal pay.
42 USC 2000e

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 300,000  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  N.F.  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE June 5, 2007    SIGNATURE OF ATTORNEY OF RECORD  /s/ Deidra Jenkins

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.