UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEIDRA JENKINS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO R. JACKSON, Secretary, United States)<br>Dep't of Housing & Urban Dev., et al. )<br>)<br>    Defendants. )<br>)   | No. 1:07cv1012 (RBW) |

### ANSWER

Alphonso R. Jackson, Secretary of the U.S. Department of Housing and Urban Development ("Defendant"), by and through his undersigned attorneys, respectfully submits the following answer to Plaintiff's Complaint.[1]

In response to the unnumbered paragraphs of the Complaint beginning on page 1[2], Defendant admits, denies or other wise avers as follows:

The first unnumbered paragraph of the Complaint constitutes Plaintiff's description of her legal claims, to which no answer is required. To the extent that an answer is deemed required, Defendant denies.

With respect to the second unnumbered paragraph of the Complaint, Defendant admits that Plaintiff forwarded a request for a desk audit to the Agency's Office of Human Resources in July 2005. Defendant denies that Plaintiff forwarded a written request for a desk audit to her supervisor, Holly Salamido, on or about July 25, 2005.

---

[1] The complaint names several individuals as defendants in addition to Secretary Jackson. A motion to dismiss certain of the individually-named defendants is being filed simultaneously herewith.

[2] Although Plaintiff's complaint is not paginated and some paragraphs are not numbered, the undersigned has taken the liberty of numbering the complaint 1 through 6. If necessary, the undersigned will also refer to the unnumbered paragraphs serially by page.

Defendant denies that Plaintiff was performing the work of a grade GS-12 Freedom of Information Act (FOIA) Specialist at any time. Defendant admits that Ms. Salamido did not believe that Plaintiff's position should have been classified at the grade GS-12 level. Defendant lacks sufficient information to know whether Plaintiff believed she was performing work at the grade GS-12 level.

With respect to the third unnumbered paragraph of the Complaint, Defendant admits that the desk audit was conducted on August 12, 2005 and that its results were memorialized in a document dated September 14, 2005. Defendant denies the rest of the averments in this third unnumbered paragraph.

With respect to the fourth unnumbered paragraph of the Complaint, Defendant admits that the September 14, 2005 audit found that Plaintiff's position did not meet the requirements for noncompetitive promotion due to the presence of other employees at the same grade and series, in the same unit and performing substantially the same duties as Plaintiff. Thus, it was determined that a competitive merit promotion action should be initiated to allow fair and open competition for others to compete for the promotional opportunity based on the flawed desk audit. Except for the foregoing specific admissions, Defendant denies the remaining allegations in this paragraph.

With respect to the fifth unnumbered paragraph of the Complaint, it consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

1. Defendant admits that in June 1999, the Agency promoted Joan Campion, a white female, from the position of FOIA Specialist, grade GS-11, to FOIA Specialist, grade GS-12 based on accretion of duties. Defendant admits that it did not conduct a desk audit of Ms. Campion's position prior to the promotion and that she did not apply for the higher-graded position via a merit staffing process. Defendant denies that Ms. Campion was not performing the duties of the position at the grade GS-12 level. Because Defendant's time and attendance records for 1999 are not readily available, Defendant lacks specific knowledge at this time to know whether Ms. Campion was on sick leave at the time of her promotion based on accretion of duties.

2. Deny.

3. Defendant admits that following the first audit of Plaintiff's position, Defendant's Office of Human Resources determined that the position did not meet the requirements for noncompetitive promotion due to the presence of other employees at the same grade and series, in the same unit and performing substantially the same duties as Plaintiff. Thus, it was determined that a competitive merit promotion action should be initiated to allow fair and open competition for others to compete for the promotional opportunity. Except for the foregoing specific admissions, Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits that management from its Office of General Counsel (OGC) challenged the initial desk audit results because Plaintiff's supervisor had not been afforded an opportunity to review material submitted by Plaintiff for the desk audit and because an inaccurate position description was used during the initial audit. Except

for the foregoing specific admissions, Defendant denies the remaining allegations in Paragraph 4.

5. Defendant admits that Plaintiff's supervisor was allowed to provide a new and accurate position description for the second audit because an inaccurate position description was used during the initial audit. Except for the foregoing specific admissions, Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits that Plaintiff's supervisor was allowed to provide a new and accurate position description for the second audit because an inaccurate position description was used during the first audit. Except for the foregoing specific admissions, Defendant denies the remaining allegations in Paragraph 6.

7. Deny.

8. Deny.

9. Deny.

10. Defendant admits that in June 1999, the Agency promoted Joan Campion, a white female, from the position of FOIA specialist, grade GS-11, to FOIA Specialist, grade GS-12 based on accretion of duties. Defendant admits that it did not conduct a desk audit of Ms. Campion's position prior to the promotion and that she did not apply for the higher-graded position via a merit staffing process. Defendant denies that Ms. Campion was not performing the duties of the position at the grade GS-12 level. Except for the foregoing specific admissions, Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that Plaintiff's supervisor was allowed to provide a new and accurate position description for the second audit because an inaccurate position

description was used during the first audit. Except for the foregoing specific admissions, Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that in June 1999, the Agency promoted Joan Campion, a white female, from the position of Freedom of Information Act (FOIA) specialist, grade GS-11, to FOIA Specialist, grade GS-12 based on accretion of duties. Defendant admits that Plaintiff was not promoted from a FOIA Specialist, grade GS-11, to FOIA Specialist, grade GS-12, based on a desk audit. Except for the foregoing specific admissions, Defendant denies the remaining allegations in Paragraph 12.

Regarding the unnumbered section of the Complaint following Paragraph 12, it consists of conclusions of law and Plaintiff's prayer for relief, to which no response is deemed required. To the extent a response is deemed required, Defendant denies the remaining allegations and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

Wherefore, having fully answered, Defendant prays that this action be dismissed with prejudice and that the Court grant such other and further relief in favor of Defendant as may be appropriate.

August 20, 2007

Respectfully submitted,

_/s/ Jeffrey A. Taylor_
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_/s/ Rudolph Contreras_
RUDOLPH CONTRERAS, D.C. Bar #
Assistant United States Attorney

_/s/ Kenneth Adebonojo_
KENNETH ADEBONOJO, Bar #
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel. (202) 514-7157
kenneth.adebonojo@usdoj.gov