UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEIDRA JENKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO R. JACKSON, Secretary, United States )<br>Dep't of Housing & Urban Dev., et al. )<br>)<br>Defendants. )<br>) | No. 1:07cv1012 (RBW) |

**DEFENDANTS' MOTION TO DISMISS THE INDIVIDUALLY NAMED DEFENDANTS AS IMPROPERLY NAMED DEFENDANTS IN THIS ACTION**

Defendants Holly Salamido, Nancy Christopher, Sinthea Kelly, Zakiyyah Day, Lewis Anderson and Patricia Baker ("Individually Defendants"), through undersigned counsel, respectfully move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Individual Defendants from this action. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum.

Dated: August 20, 2007

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7157
Fax: (202) 514-8780
kenneth.adebonojo@usdoj.gov

**Of Counsel:**

Maxine Sharp-Wheatley
Assistant General Counsel
United States Department of Housing and Urban Development

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEIDRA JENKINS, ) | |
| ) | No. 1:07cv1012 (RBW) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALPHONSO R. JACKSON, Secretary, United States ) | |
| Dep't of Housing & Urban Dev., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO DISMISS INDIVIDUAL DEFENDANTS AS IMPROPERLY NAMED**

Defendants Holly Salamido, Nancy Christopher, Sinthea Kelly, Zakiyyah Day, Lewis Anderson and Patricia Baker ("Individual Defendants") through undersigned counsel, respectfully move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Individual Defendants from this action on the grounds that pursuant to well-settled law, the Secretary of Housing and Urban Development is the only property defendant in this Title VII action.

**BACKGROUND**

Deidra D. Jenkins ("Plaintiff") is an African-American female employee of the United State Department of Housing & Urban Development ("HUD"), who filed this action alleging discrimination in employment in violation of Title VII. Plaintiff is a GS-11 FOIA Specialist in HUD's Office of General Counsel, FOIA Division. Plaintiff filed this action against Alphonso Jackson in his capacity as Secretary of HUD but also named individually Keith Gottfried, George Weidenfeller, Nancy Christopher, Holly Salamido, Patricia Baker, Sinthea Kelly, Zakiyyah Day and Lewis Anderson.[1] Nancy Christopher is HUD's Acting Associate General

---

[1] Keith Gottfried, HUD's former General Counsel and George Weidenfeller, HUD's former Deputy General Counsel for Operations are also named individually. As of this filing,

Counsel for Litigation. Holly Salamido is an Assistant General Counsel in HUD's FOIA Division and Plaintiff's immediate supervisor. Patricia Baker is HUD's Deputy Assistant Secretary for Human Resources. Sinthea Kelly is Director of Administration and Management in HUD's Human Resource Division. Zakiyyah Day is HUD's Director of Staffing and Classification. Lewis Anderson was formerly a Supervisory Human Resource Specialist with HUD.

Plaintiff alleges that she was discriminated against because she was not promoted from a GS-11 to GS 12 position by accretion. Compl. 1-6.[2] She also alleges that the desk audit she requested and that was performed by HUD was flawed. Specifically, Plaintiff alleges that she "was discriminated against by the agency through my supervisor, Holly Salamido and Human Resources, Zayyikah Day." Compl. at 2, ¶3. She alleges further that "management failed to follow the proper procedures/process for a desk audit." Id. Throughout the complaint, Plaintiff alleges that she "was discriminated against when management...." or she "was discriminated against when Human Resources...." Compl. at 3-5, ¶¶1, 2, 5, 5, 6, 7, 10, 12. The Individual Defendants are named exclusively for their involvement in the desk audit about which Plaintiff complains. Finally, Plaintiff seeks no specific relief from the Individual Defendants. Compl. at 6. The only relief that Plaintiff seeks that involves the Individual Defendants is for them to be reprimanded for the alleged acts of employment discrimination involving them. Id.

---

neither Mr. Gottfried nor Mr. Weidenfeller has requested representation by the Department of Justice. This motion, therefore, is not being filed on their behalf, and is without prejudice to any defenses they may seek to assert, including insufficiency of service of process and immunity from suit.

[2] Although Plaintiff's complaint is not paginated and some paragraphs are not numbered, the undersigned has taken the liberty of numbering the complaint 1 through 6. If necessary, the undersigned will also refer to the unnumbered paragraphs serially by page.

## ARGUMENT

I.  **THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED BECAUSE THIS CIRCUIT HAS INTERPRETED TITLE VII'S DEFINITION OF "EMPLOYER" NARROWLY WITHOUT DIMINISHING ITS EFFECTIVENESS.**

In interpreting 42 U.S.C. § 2000e(b), the Court of Appeals has concluded that, although a construction of Title VII to impose individual liability on an agent of the employer is plausible, the obvious purpose of the agency provision of the statute is to incorporate respondeat superior liability. Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995). In other words, only the employer is liable for a violation under Title VII. Id. Moreover, the only proper defendant in a Title VII employment discrimination case is the "head" of the "agency" involved in the alleged discrimination. 42 U.S.C. § 2000e-16(c).

Here, Plaintiff alleges discrimination against her principally by "management" and "Human Resources" in conducting the desk audit she requested. In addition, Plaintiff alleges discrimination by the Individual Defendants arising from their involvement in a desk audit. Plaintiff has not alleged that the Individual Defendants were involved in the desk audit other than in their official capacities in which case the principles of respondeat superior apply and the Secretary is the only proper defendant pursuant to Title VII. Nor is Plaintiff seeking any relief (or entitled to seek relief) directly from the Individual Defendants. Accordingly, Gary mandates that the Individual Defendants be dismissed from this Action.[3]

---

[3] Moreover, none of the Individual Defendants has been properly served in accordance with the Federal Rules of Civil Procedure so dismissal of the Individual Defendants is also appropriate under Fed. R. Civ. P. 12(b)(5).

## CONCLUSION

Upon the foregoing, the Individual Defendants respectfully request that they be dismissed from this action.

Dated: August 20, 2007                    Respectfully submitted,

*/s/ Jeffrey A. Taylor*
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

*/s/ Rudolph Contreras*
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7157
Fax: (202) 514-8780
kenneth.adebonojo@usdoj.gov

**Of Counsel:**

Maxine Sharp-Wheatley
Assistant General Counsel
United States Department of Housing & Urban Development

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEIDRA JENKINS,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ALPHONSO R. JACKSON, Secretary, United States )<br>Dep't of Housing & Urban Dev., et al.  )<br>  )<br>      Defendants.  )<br>  ) | No. 1:07cv1012 (RBW) |

### ORDER

This matter comes before the Court on the Individual Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). After considering the appropriate pleadings, the record herein, and applicable law, it is this ____ day of _____, 2007, hereby

ORDERED, the Individual Defendants' motion is hereby GRANTED; and it is

FURTHER ORDERED, that the only proper defendant in this action is the Secretary of Housing and Urban Development in his official capacity; and it is

FURTHER ORDERED, that Plaintiff's claims against the Individual Defendants are hereby DISMISSED, with prejudice.

                                                                    Honorable Reggie B. Walton, U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2007, I caused the foregoing Motion to Dismiss to be filed *via* the Court's ECF system, and to be served upon *pro se* plaintiff by first class mail, postage prepaid, addressed to:

Deidra D. Jenkins
8104 Johnsam Road
Clinton, Md
20735

_____
KENNETH ADEBONOJO