UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
DEIDRA JENKINS,                        )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )   Civil Action No. 07-1012 (RBW)
                                       )
ALPHONSO R. JACKSON, Secretary,        )
United States Department of Housing & Urban )
Development., *et. al.*,               )
                                       )
        Defendants.                    )
_____   )

## MEMORANDUM OPINION

The plaintiff, Diedra Jenkins, has filed a complaint ("Compl.") against her employer, the United States Department of Housing and Urban Development ("HUD"), to recover, inter alia, back pay and compensatory damages for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1964). Compl. at 5-6. Also individually named in the complaint are eight HUD employees. Compl. at 1. Currently before the Court is a motion filed by six of these individuals (Holly Salamido, Nancy Christopher, Sinthea Kelly, Zakiyyah Day, Lewis Anderson, and Patricia Baker) to dismiss the claims filed against them. Defendants' Motion to Dismiss the Individually Named Defendants as Improperly Named Defendants in This Action ("Defs.' Mot.").[1] For the reasons set forth below, the defendants'

---

[1] The individually named defendants have also filed a Memorandum of Points and Authorities in Support of the Motion to Dismiss Individual Defendants as Improperly Named ("Defs.' Mem."). The plaintiff has not filed any papers in opposition to the dismissal motion.

1

motion is granted.

## I. FACTUAL BACKGROUND

In 2005, the plaintiff was working as a Freedom of Information Act ("FOIA") Specialist at HUD. Compl. at 1. On July 25, 2005, the plaintiff, believing that her position with HUD was improperly classified at the GS-11 level, requested that a "desk audit" be performed by the agency. Id. Upon the conclusion of a series of meetings between the plaintiff, her supervisor, and the auditor, the plaintiff states that on September 14, 2005, she was informed that the findings of the desk audit were that the duties of her position "met the criteria for the GS-12 grade-level" based on the information provided by both her supervisor and herself. Id. at 2. However, the plaintiff was also allegedly informed that she would not be automatically promoted to the GS-12 level, but that the newly classified GS-12 position (which she currently occupied at the GS-11 level) would be "competitively merit staffed[,] giving the other GS-11 FOIA Specialists an opportunity to apply." Id. The plaintiff claims that permitting others to apply for the position was in itself a violation of her rights because she already occupied the position. Furthermore, the plaintiff claims that making an already occupied position available for others had never occurred before, and that in fact a similarly-situated co-worker was simply promoted to the higher grade-level. Id. at 3. Additionally, the plaintiff contends that her supervisor did not follow the proper procedures in rewriting her job description and that "management failed to follow proper procedures in conducting a desk audit, not allowing [her] due process." Id. at 4. The plaintiff has now filed suit against her employer, as well as the eight HUD employees who were allegedly involved in the aforementioned actions, claiming that these actions amount to unlawful discrimination. Id. Six of the individually named defendants have now moved for

dismissal of the claims filed against them under Federal Rule of Civil Procedure 12(b)(6), arguing that they are not proper defendants in this action. Defs.' Mot.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be granted when the plaintiff fails in her complaint to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the "complaint is construed liberally in the plaintiffs' favor, and [the court must] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.D.C. 1994). The Court need not, however, "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. ANALYSIS

Six of the individual defendants have moved for dismissal, arguing that "the only proper defendant in a Title VII employment discrimination case is the 'head' of the 'agency' involved in the alleged discrimination." Defs.' Mem. at 4 (citing 42 U.S.C. § 2000e-16(c)). Additionally, the defendants note that "although a construction of Title VII to impose individual liability on an agent of the employer is plausible, the obvious purpose of the agency provision of the statute is to incorporate respondeat superior liability." Id. (citing Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995).

While lawsuits may be brought against persons for their actions committed outside their official capacities, "a suit against an individual in her [or his] official capacity is one method of bringing suit against the employer and is distinct from an individual capacity suit." Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997) (citing United States Equal

Employment Oppurtunity Comm'n v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1280 n.4 (7th Cir. 1995); Sauers v. Salt Lake County, F.3d 1122,1125 (10th Cir. 1993)) .  Moreover, "an official capacity suit is the functional equivalent of a suit against the employer." Id. (citation omitted).  This makes the addition of individually named defendants in an employment discrimination action "redundant and an inefficient use of judicial resources." Id. (citation omitted).  Although 42 U.S.C. § 2000e(b) does allow suit to be brought against agents of employers, that provision merely imputes liability from the agent to the employer.  Gary, 59 F.3d at 1399.  "Thus, while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who alone is liable for a violation of Title VII." Id.

In this case, the plaintiff has not indicated that she is suing the individually named defendants in anything other than their official capacities.  See Compl.; Defs.' Mem. at 4.  Accordingly, the plaintiff's entire suit must be viewed as one against her employer and her claims against the individual defendants "essentially merge[]" with her claim against her employer.  Gary, 59 F.3d at 1399.  The claims against the six individual defendants who have filed motions to dismiss may therefore be dismissed.  Id.

### IV. CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the six individually named defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

**SO ORDERED** this 10th day of March 2008.[2]

REGGIE B. WALTON
United States District Judge

---

[2] An Order consistent with this Opinion is being issued contemporaneously herewith.